**Sherrill Lynn RINCON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 67337, 67338.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 13, 1981.

David L. Botsford, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Gilbert P. Howard and Donald Land, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

These are appeals from orders revoking appellant's probation granted in two cases. Appellant pleaded guilty to indictments charging her with felony theft of property and unauthorized use of a motor vehicle. The court assessed punishment at three (3) years' imprisonment in each case.

Subsequently a motion to revoke probation was filed in each case. At a hearing on said motions, the appellant entered a plea of "true" to the allegations in each motion. Sentences were imposed and notice of appeal given in each case.

Appellant candidly admits the sufficiency of the evidence to support the revocations is not before this court in view of her pleas of "true." See *Mitchell v. State,* 482 S.W.2d 221 (Tex.Cr.App.1972).

■ She does attack the validity of both indictments as being fundamentally defective. Generally failure to appeal when placed on probation waives the right of review. *Hoskins v. State,* 425 S.W.2d 825 (Tex.Cr.App.1968) (Opinion on Appellant's Motion for Rehearing and cases there cited); *Hungerford v. State,* 474 S.W.2d 242 (Tex.Cr.App.1971). Where, however, the indictment, underlying the conviction for which appellant was granted probation, is claimed to be fundamentally defective the court will review the same on appeal from an order revoking probation. *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975).

■ The appellant argues that neither indictment reflects what date it was presented and filed. The docket sheets and the minutes of the court reflect that both indictments were presented and filed on June 18, 1979. Appellant's contention that an indictment which fails to reflect on its face the time of presentment and filing is fundamentally defective is without merit. See and cf. *Mason v. State,* 160 Tex.Cr.R. 501, 272 S.W.2d 527 (1954).

■ Appellant also attacks the indictment in Cause No. 67,337 as being fundamentally defective because it failed to describe the motor vehicle as a motor-propelled vehicle in light of the language used in V.T.C.A., Penal Code § 31.07(a). Omitting the formal parts, the indictment alleged appellant did "... intentionally and knowingly operate a motor vehicle, namely: an automobile, without the effective consent of Edward Mitchell, the owner thereof ...."

The statute does use the term "motor-propelled vehicle." In *Daniels v. State,* 535 S.W.2d 876 (Tex.Cr.App.1976), the substitution of "pick-up truck" for "motor-propelled" vehicle in the indictment was upheld. The court noted that the meaning of

"pick-up truck" was commonly understood and quoted from 1 Branch's Ann.P.C., 2nd ed., § 515, where it was written:

"Where a word not in the statute is substituted for one that is, the indictment is sufficient if the word thus substituted is equivalent to the word used in the statute, or is of a more extensive signification than the statutory word and includes it."

The use of "... a motor vehicle, namely, an automobile" in the indictment as a substitute for "motor-propelled vehicle" is sufficient and does not render the indictment fundamentally defective. There was no motion to quash the indictment and the appellant cannot raise this matter for the first time on appeal. *Mears v. State*, 557 S.W.2d 309 (Tex.Cr.App.1977).

Appellant's second contention is overruled.

The judgments are affirmed.

(Delivered May 13, 1981)

By: Panel No. 2, Second Quarter, 1981, composed of:

John F. Onion, Jr., Presiding Judge

Tom G. Davis, Judge

Sam Houston Clinton, Judge