NUMBER 13-99-624-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



ROBERT JAMES LOEWE, JR. , Appellant, 



v.

 

THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 105th District Court

 of Kleberg County, Texas.

 ___________________________________________________________________ 



O P I N I O N

 

Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Justice Dorsey

 

 This is an appeal of the revocation of appellant Robert James Loewe, Jr.'s community supervision. After reviewing
the record, Loewe's appointed counsel found there were no arguable points for appeal. 

 Loewe pled guilty of possession of a controlled substance in June of 1998. He received a two year state jail sentence
which was suspended in favor of community supervision. Various conditions were imposed on his sentence of
community supervision. Approximately one year after the community supervision sentence was imposed, the State
moved to revoke. The motion to revoke alleged that Loewe had violated the terms of his community supervision in ten
respects. In a written statement, Loewe pled true to at least one count. 

 Loewe was represented by counsel at the hearing on the motion to revoke. The court found by a preponderance of the
evidence that Loewe violated all ten terms outlined in the motion to revoke. The court sentenced Loewe to one year in
state jail and a $500.00 fine. 

 Loewe's counsel has filed a brief purporting to comply withAnders v. California, 386 U.S. 738 (1967). The Supreme
Court inAnders held that when counsel appointed for appeal by the state finds his case to be wholly frivolous, he
should so advise the court and request permission to withdraw. Id. at 744. That request must be accompanied by a brief
referring to anything in the record that might support an appeal, and a copy of the brief must be sent to the
defendant.Id. If the Court finds any of the legal points arguable on the merits, it must afford the indigent assistance of
counsel to argue the appeal. Id.

 The determinative question in a probation revocation is whether the probationer has violated his contract with the
court. Davenport v. State, 574 S.W.2d 73, 75 (Tex. Crim. App.1979). The State is required to prove one or more of the
allegations in the motion to revoke by a preponderance of the evidence. Scamardo v. State, 517 S.W.2d 293, 298 (Tex.
Crim. App. 1975). The court of criminal appeals has held that the sufficiency of the evidence in a probation revocation
may not be challenged in the face of a plea of true, and that plea alone is sufficient to sustain a revocation. Rincon v.
State, 615 S.W.2d 747 (Tex. Crim. App. 1981); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App.1979). The record
indicates no basis for an issue regarding the voluntariness of Loewe's plea. 

 At the hearing on the motion, Loewe stated to the court that he had plenty of time to talk with his lawyer about the
case before the hearing and to discuss any possible defenses available to Loewe. Loewe also stated he was satisfied
with the way his lawyer represented him. Loewe stated that he freely and voluntarily signed the document containing
his plea of true. Also, the court questioned Loewe specifically regarding each count contained in the motion. Loewe
responded "true" to each alleged violation. Loewe stated to the court that it was his own decision to enter the plea of
true, and he did so freely and voluntarily. After the court imposed its sentence, Loewe was given an opportunity to
respond with any reason why the sentence should not be imposed upon him. He had no response. 

 After thoroughly reviewing the record, we agree with counsel and find no foundation for any points of error. A copy
of counsel's brief was delivered to Loewe in January, and he was advised of his right to file a pro se brief. No pro se
brief has been filed. We agree that the appeal is wholly frivolous and without merit. Further, we find nothing in the
record that might arguably support the appeal. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The 
judgment of the trial court is AFFIRMED. 



______________________________ 

J. BONNER DORSEY, 

Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 1st day of June, 2000.