NO. 07-00-0191-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 16, 2001

______________________________

GARY DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF HALE COUNTY;

NO. A13260-9812; HONORABLE JACK R. MILLER, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In two issues, appellant Gary Davis challenges his conviction, after a plea of guilty and revocation of community supervision granted pursuant to the guilty plea, of forgery and the resulting sentence of two years confinement in a state jail facility and a $1,000 fine.  In his issues, he posits that 1) he was deprived of his due process rights “when the State failed to notify and properly apprise the Appellant of the terms and conditions of his probation prior to the alleged violation,” and 2) because “the terms and conditions of probation entered into by Appellant take on the life of a contract,” and they do not become effective “for enforcement until Appellant signs his name.”  For reasons we later recount, appellant’s issues are overruled.

A brief recitation of the procedural history of this case is helpful to our analysis.  On April 12, 1999, appellant, accompanied by his attorney, entered a plea of guilty to a felony forgery charge.  The trial judge accepted the plea and the plea-bargained recommendation of the State.  As a result, appellant was sentenced to two years confinement in a state jail facility, probated under community supervision for five years, he was ordered to pay a $1,000 fine, $250 in attorney fees, make restitution in the amount of $1,220 and pay $246.25 in court costs.  The trial court signed a judgment containing these provisions on May 27, 1999.  Appellant now claims that he was not notified of the terms and conditions of his community supervision until June 18, 1999, at which time he received a certified letter from “the Court” which, he claims, constituted his “notification.”  That being so, he concludes, he was not subject to the terms and conditions of his probation until June 18, 1999, the date he received “notification.”

Subsequently, on September 13, 1999, the State filed a motion to revoke appellant’s community supervision, in which it alleged eight probation violations.  Perusal of these allegations show that of the eight alleged violations, four allegedly occurred on June 10, 1999.  On March 30, 2000, appellant entered a plea of true to those allegations.  The trial judge found that appellant had violated his community supervision conditions and sentenced him to two years state jail service and the $1,000 fine.

Both of appellant’s issues are premised on the claim that because he was not notified of the terms and conditions of his probation until June 18, 1999, those conditions did not become effective until that date.  Thus, because several of the allegations concerned violations that occurred on June 10, 1999, some seven days prior to that effective date, he argues revocation based upon them was invalid.  With regard to the remainder of the alleged violations, which concerned failures to report and pay, he argues the State “failed to offer any evidence that Appellant possessed the ability to report and pay” because he was incarcerated as a result of the June 10, 1999 driving while intoxicated charge.  Consequently, the question before us is limited to the sufficiency of the evidence to sustain the revocation.

It is true that in a proceeding to revoke community supervision, the burden is upon the State to show by a preponderance of the evidence that the probationer has violated one of the probationary conditions as alleged in the motion to revoke.  
Cardona v. State
, 665 S.W.2d 492, 493-94 (Tex.Crim.App. 1984).  However, it is equally well established that when a plea of true is entered in a revocation proceeding, the sufficiency of the evidence may not be challenged.  
Rincon v. State
, 615 S.W.2d 746, 747 (Tex.Crim.App. 1981); 
Cole v. State
, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979).  Indeed, a plea of true, standing alone, is sufficient to support a revocation of probation.  
Moses v. State
, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).  The record shows that appellant was advised of the effect of his plea of true both in writing and orally.  Appellant’s issues must be, and are hereby, overruled.

The judgment of the trial court is affirmed.  

John T. Boyd

 Chief Justice

Do not publish.