# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00667-CR

**Tamarra Gaye Ferron, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 42,328, HONORABLE JOE CARROLL, JUDGE PRESIDING

Appellant Tamarra Gaye Ferron pleaded guilty to felony theft and was placed on deferred adjudication community supervision. The district court later adjudicated Ferron guilty but continued her supervision. Most recently, the court revoked supervision and imposed sentence of three years' imprisonment. On appeal from the revocation order, Ferron contends that two of the supervisory conditions she was found to have violated were invalid. She further contends that the remaining violations, all having to do with the failure to pay fees and costs, were not proved.

Ferron argues that the State failed to prove that she intentionally failed to pay the required fees and costs. *See Ortega v. State*, 860 S.W.2d 561, 567 (Tex. App.—Austin 1993, no pet.). Ferron pleaded true to all the probationary violations alleged in the State's motion to revoke. The plea of true was sufficient to support revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). The sufficiency of the evidence cannot be challenged in the face of a plea of true.

*Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. 1981). In the cases on which Ferron relies, the probationer did not admit the alleged nonpayment of fees. *See id.* at 563; *Washington v. State*, 731 S.W.2d 648, 649 (Tex. App.—Houston [1st Dist.] 1987, no pet.). Point of error two is overruled.

One sufficient ground for revocation will support the trial court's order. *Taylor v. State*, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980). Therefore, we need not address Ferron's challenge to the validity of the remaining supervisory conditions.

The order revoking community supervision is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: April 11, 2002

Do Not Publish