# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00558-CR

**Rosalee Cunningham, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 42,138, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Rosalee Cunningham appeals from an order revoking community supervision and imposing a six-year prison sentence. The underlying conviction is for theft of over $750, a third degree felony in 1992 when it was committed. Act of May 23, 1991, 72d Leg., R.S., ch. 565, ' 1, 1991 Tex. Gen. Laws 2003, 2003 (Tex. Pen. Code Ann. ' 31.03(e)(4)(A), since amended). The court found that appellant failed to pay costs and restitution as ordered. Appellant contends the revocation was an abuse of discretion because she was unable to pay. We will affirm the order.

At a revocation hearing, the burden is on the State to prove by a preponderance of the evidence that the probationer violated the conditions of supervision as alleged. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983). If it is alleged that the probationer failed to pay restitution, costs, or the like, the State must prove that the nonpayment was intentional. *Stanfield v. State*, 718 S.W.2d 734, 738 (Tex. Crim. App. 1986). The probationer=s ability to pay the required amounts is a factor relevant to the issue of intent. *Id.*; *see also* Tex. Code Crim. Proc. Ann. art. 42.037(h) (West Supp. 2003) (factors court must consider in deciding whether to revoke probation for nonpayment of restitution). The probationer=s inability to pay the ordered costs, fees, or restitution is an affirmative defense to revocation which the probationer must prove by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 42.12, ' 21(c) (West Supp. 2003).

Appellant pleaded true to the allegations in the revocation motion. A plea of true to a motion to revoke is sufficient to support a finding that the probationer violated the conditions of probation as alleged. *Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. 1981). Thus, the revocation order must be upheld unless, considering all the relevant evidence, the court=s failure to find that appellant was unable to pay the ordered costs and restitution was so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Meraz v. State*, 785 S.W.2d 146, 154-55 (Tex. Crim. App. 1990); *see also Johnson v. State*, 23 S.W.3d 1, 10 (Tex. Crim. App. 2000).

In January 1993, appellant was placed on deferred adjudication community supervision in this cause after she pleaded guilty to stealing over $15,000 from clients of a collection agency she operated. In March 1996, she pleaded guilty in two other cases to stealing and misapplying almost $88,000 in child

support payments she collected on behalf of numerous clients and was again given deferred adjudication. At the same March 1996 hearing, appellant was adjudicated guilty in this cause and, after a short prison term, was placed on regular community supervision. Following another hearing in January 2002, appellant=s supervision was revoked in this cause and she was adjudicated guilty in the other causes.[1]

As a condition of supervision in this cause, appellant was ordered to pay $12,363 in restitution at a rate of $110 per month beginning September 1, 1996.[2] The evidence shows that as of the revocation hearing in January 2002, sixty-three months later, she had paid a total of $587 in restitution (an average of $9.32 per month). Appellant was also ordered to pay $313 in court costs at a rate of $10 per month. She had paid a total of $105 (an average of $1.67 per month). Over the same time period, appellant also paid approximately $3900 in restitution, court costs, and fees in the other cases for which she was on probation (an average of $61.90 per month).[3]

---

[1] Her appeals from the adjudications are before this Court in *Cunningham v. State*, Nos. 03-02 00559-CR and 03-02-00560-CR.

[2] The amount of restitution was adjusted to reflect payments made while appellant was on deferred adjudication supervision.

[3] In the other cases, appellant was ordered to pay a total of $88,000 in restitution at a rate of $740 per month, and a total of $500 in court costs at a rate of $50 per month.

Appellant and her husband testified that, as of January 2002, they had a combined net income of $2184 per month. They estimated their expenses, excluding court-ordered payments, to be $1800 per month. Their income had been substantially more in 1996 when the payments were ordered, but her husband had suffered serious health problems which had forced him to leave his former employment and train for a new job he had only recently begun.

The district court also heard testimony from appellant=s present and immediate past community supervision officers, and reviewed written reports filed during the course of appellant=s probation. This evidence showed that appellant was reluctant to make her ordered payments and that she refused to cooperate in efforts aimed at maximizing her ability to pay. For example, appellant sought to excuse her lack of payments by claiming various medical conditions, but she failed to supply the requested documentation from her physicians. She also was uncooperative when she was asked to provide information regarding her other expenses. Appellant refused to make suggested economies, such as cancelling cable television. Although appellant testified that she did not provide financial help to her daughter in college, the former supervision officer testified that appellant told her that she paid a portion of her daughter=s rent and car insurance and gave her spending money. The officer testified that appellant rejected the suggestion that her daughter use loans or grants to pay for her education.

Having considered the evidence adduced at the revocation hearing, we conclude that the court=s failure to find that appellant was unable to pay the ordered costs and restitution was not so against the great weight and preponderance of the evidence as to be manifestly unjust. We therefore affirm the order revoking community supervision.

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   April 24, 2003

Do Not Publish