NO. 12-02-00357-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RICHARD WOOLVERTON,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Richard Woolverton ("Appellant") appeals the trial court's order revoking his community
supervision. Appellant raises two issues on appeal. We affirm.


Background

 Appellant was charged by indictment with possession of a controlled substance and pleaded
guilty. The trial court accepted Appellant's plea, found Appellant guilty and sentenced Appellant
to confinement for two years, but suspended the sentence and placed Appellant on community
supervision for five years. 

 On March 20, 2002, the State filed a motion to revoke Appellant's community supervision
alleging that Appellant had violated certain conditions thereof. Appellant pleaded "true" to the
allegations in the State's motion. Following a hearing on the matter, the trial court found the
allegations in the State's motion to be true, revoked Appellant's community supervision and
sentenced him to confinement for one year. This appeal followed.


Revocation of Community supervision

 In his first issue, Appellant contends that the trial court erred in revoking his community
supervision because the evidence is factually insufficient to support the revocation. In his second
issue, Appellant argues that the revocation was void because the underlying conviction was based
on an involuntary guilty plea. 

 We will not consider Appellant's contention that the revocation is void because of alleged
error related to the underlying conviction. An appeal from an order revoking probation is limited
to the propriety of the revocation and does not include a review of the original conviction. See
Traylor v. State, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978). By failing to appeal
when he was placed on community supervision, Appellant waived his right to a review of the
original trial and conviction. See Chavez v. State, 375 S.W.2d 729, 730 (Tex. Crim. App. 1964). 

 The only question presented in an appeal from an order revoking probation is whether the
trial court abused its discretion in revoking the defendant's probation. See Lloyd v. State, 574
S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978). The standard of proof in a revocation
proceeding is a preponderance of the evidence. Id. In order to satisfy its burden of proof, the State
must prove that the greater weight of the credible evidence before the trial court creates a reasonable
belief that a condition of community supervision has been violated as alleged in the motion to
revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). In the instant case,
Appellant pleaded "true" to each of the State's allegations. A plea of true to any one of the alleged
violations contained in a motion to revoke is sufficient to support the trial court's order revoking
probation. Moore v. State, 11 S.W.3d 495, 498 n. 1 (Tex. App.-Houston [14th Dist.] 2000, no pet.). 
Once a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence
to support the subsequent revocation. Id. (citing Rincon v. State, 615 S.W.2d 746, 747 (Tex. Crim.
App. [Panel Op.] 1981); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979);
Hays v. State, 933 S.W.2d 659, 661 (Tex. App.-San Antonio 1996, no pet.)). Therefore, since
Appellant pleaded "true" to the State's allegations, he may not challenge the sufficiency of the
evidence to support the trial court's revocation of his community supervision. We hold that the trial
court did not abuse its discretion in revoking Appellant's community supervision. Appellant's issues
one and two are overruled.


Conclusion

 Having overruled Appellant's issues one and two, we affirm the trial court's order revoking
Appellant's community supervision.




 SAM GRIFFITH 

 Justice



Opinion delivered July 31, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.



























(DO NOT PUBLISH)