COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 RUDY
 ANGUIANO,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00311-CR
  
 Appeal from the
  
 210th District Court
  
 of El Paso County, Texas
  
 (TC#20000D04081)
 
 




 

MEMORANDUM
OPINION

In 2001, Rudy Anguiano
pleaded guilty to burglary of a building and received a two-year
State-recommended shock probation sentence. 
In May of 2001, he received a two-year community supervision
sentence.  His probation was revoked in
May of 2002, when he pleaded true to a motion to revoke probation, and the
court sentenced him to two years in a state jail facility.  On appeal, he raises three issues:  legal and factual sufficiency, ineffective
assistance of counsel, and improper denial of credit for time spent
incarcerated for shock probation and other periods of incarceration.  The State agrees that the judgment revoking
probation should be reformed to give Anguiano full
credit for the time he was incarcerated prior to the revocation.  We reform in part and affirm in part.








Facts

While on probation for burglary of a
building, Anguiano was charged in March 2002 with
possession of heroin over one gram but under four grams.  At a probation revocation hearing, he pleaded
true to the allegations in the motion to revoke, but said he possessed less
than one gram of heroin.  Also at that
hearing, in May 2002, Anguiano=s probation officer testified that he
had tested positive for cocaine and opiates once during his probationary
period.  The trial court revoked his
probation and sentenced him to two years in state jail.  The court said he would receive 75 days of
credit for the days he was incarcerated on shock probation, plus the time
served since his March 2002 arrest, but the judgment revoking his probation
credited him with only 73 days.  In
September of that same year, the State dismissed the heroin possession charge
against Anguiano because the amount of heroin
supplied was not sufficient to allow for lab testing by the State.

Factual and Legal Sufficiency








The elements set out in the motion to
revoke accused Anguiano of, inter alia, possession of a controlled substance.  Anguiano argues
that the evidence is factually and legally insufficient to support the
revocation. In a probation revocation proceeding, the trial court is the sole trier of the facts and the weight to be given to the
evidence presented.  Taylor
v. State, 604 S.W.2d 175, 179 (Tex. Crim. App.
1980).  The burden of proof at a probation
revocation hearing is by the preponderance of the evidence.  Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is left to its discretion to
decide whether to revoke probation.  Gordon v. State, 4 S.W.3d 32, 35 (Tex. App.--El Paso 1999,
no pet.).  On appeal, the
reviewing court considers whether the trial court abused that discretion in
making its decision to revoke. Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. 1981).

When a plea of Atrue@ is made, the sufficiency of the
evidence may not be challenged.  Rincon v. State, 615 S.W.2d 746, 747 (Tex. Crim. App. [Panel Op.] 1981); Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim App. [Panel Op.] 1979).  A Aplea of true, standing alone is
sufficient to support the revocation of probation.@ 
Moses v. State, 590 S.W.2d 469, 469 (Tex. Crim.
App. 1979); Hays v. State, 933 S.W.2d 659, 661 (Tex. App.--San Antonio
1996, no pet.).  Anguiano=s violation of probation is supported
solely by his plea of true.  Anguiano points out that in upholding the sufficiency of
the evidence, the Hays court made note that appellant did not complain
on appeal that his plea of true was improvident.  He asserts the improvidence is evidenced by
the State=s dismissal a few months later of the
heroin possession charge, because of insufficient amounts for testing.  That dismissal is part of a file that was not
introduced at the hearing, and therefore is not part of the appellate record
and may not be considered by this Court in resolving this point of error.  See Welch v. State, 908 S.W.2d
258, 261 n.1 (Tex. App.--El Paso 1995, no pet.).








While the allegation of improvidence
does distinguish this case from Hays, Anguiano=s plea of true was accompanied by
other admissions during the hearing that render the issue moot.  Specifically, Anguiano
admitted he possessed heroin in violation of his probation (albeit he claimed
he possessed less than one gram), and that admission provided the court with
enough evidence to sustain the revocation under the second of its two
allegations.[1]  There is no evidence that the trial court
abused its discretion in accepting the plea of true.  Anguiano=s first point of error is overruled.

Ineffective Assistance

Anguiano next asserts defense counsel failed
to properly communicate with his client as evidenced by defendant=s comment that he did not, Aspeak regarding my case with my
attorney for nothing.@  He also points to
counsel=s failure to object to testimony of
the State=s sole witness, Anguiano=s parole officer, about Anguiano=s testing positive for drugs, an extraneous violation not
alleged in the motion to revoke.  He
contends she was not qualified to testify and failed to present a chain of
evidence on the urinalysis.  He asserts
that but for the errors of counsel, the State would not have been able to prove
its allegations in the motion to revoke and appellant would not have pleaded
true.








The Strickland test provides a
two-prong analysis to determine whether counsel=s representation was inadequate so as
to violate a defendant=s Sixth Amendment right to counsel.  Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez
v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986).  Appellant must show a
reasonable probability that, but for counsel=s unprofessional errors, the result
of the proceeding would have been different. 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
A reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Id. (citing Hernandez, 726 S.W.2d at 55).








In reviewing defense counsel=s representation at the hearing, we
engage in Aa strong presumption@ that actions of counsel were within
the wide range of reasonably professional assistance.  Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000).  The burden is on the appellant to overcome
the presumption that under the circumstances, the challenged action might be
considered sound legal strategy.  Id.  A defendant can challenge the presumption of
effectiveness by furnishing the appellate court with a record that allows the
court to weigh whether counsel=s actions were based on sound strategy. Parmer
v. State, 38 S.W.3d 661, 666 (Tex. App.--Austin 2000, pet. ref=d).  Inadequate representation will be found only
if counsel=s actions are absent any plausible
basis.  Id.  A record void of explanation of the
motivation behind trial counsel=s actions fails to establish whether his or her actions were
of strategic design or the result of negligence. Thompson, 9 S.W.3d at 813-14. 
The record is silent as to counsel=s communication with his client or
the motivations underlying his actions (or inactions).  Nothing in the record supports Anguiano=s claim that counsel failed to review the State=s evidence, or failed to properly
communicate with his client.  There is
nothing in the record that shows his counsel was professionally unreasonable or
deficient. Anguiano=s second point of error is overruled.

Denial of Credit for Time Served

Anguiano=s third point of error asserts he was
improperly denied credit for time spent incarcerated for shock probation, as
well as other periods of incarceration served. The State agrees.  In the judgment revoking probation, the trial
court allowed credit for only 73 days of prior confinement, despite the court=s earlier pronouncement that he would
receive credit for time served in jail since his March 2002 arrest on a bench
warrant, and for his shock probation incarceration.  In its brief, the State concedes that Anguiano should have received 67 days credit for the time
incarcerated under a bench warrant, plus an additional 75 days for his
shock-probation incarceration, for a total of 142 days credit.  Therefore, Anguiano=s third point of error is sustained.

Conclusion

Anguiano=s first two points of error are
overruled, but his third is sustained. 
We order the trial court=s judgment modified to reflect credit for time served of 142
days.  The judgment of revocation is
otherwise affirmed.

 

SUSAN
LARSEN, Justice

January 29, 2004

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)











[1]The
first allegation was:  Aon or about the 3rd day of
March, 2002, in the County of El Paso and State of Texas, the said defendant
RUDY ANGUIANO, did then and there commit the offense of Possession of Heroin Over 1 Gram Under 4 Grams, in violation of condition >a.=
of the terms and conditions of his community supervision.@

 

The second
allegation was:  Aon
or about the 3rd day of March, 2002, in the County of El Paso and
State of Texas, the said defendant RUDY ANGUIANO, did then and there possess a
controlled substance, to-wit:  Heroin,
without the express permission of this Court as obtained through his
Supervision Officer or prescription of a person licensed to prescribe the same,
in violation of condition >b.1= of the terms and conditions of his
community supervision.@