NO. 07-03-0310-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 16, 2004

_____

CHARLES DEE PREUIT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. 13764-0006; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

By this appeal, appellant Charles Dee Preuit challenges the order revoking his probation and sentencing him to two years confinement. In presenting this appeal, counsel for appellant filed an *Anders* brief in support of a motion to withdraw. *See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967). We affirm.

In accordance with the terms of a plea bargain, appellant, on November 7, 2000, pleaded guilty to an indictment alleging criminal mischief. The trial court then found him guilty of the offense and assessed as punishment a sentence of two years confinement, probated for five years and a $500 fine, and ordered appellant to pay restitution in the amount of $6500. In March of 2002, the State filed a motion to revoke appellant's community supervision. In the motion, the State alleged appellant had violated six separate terms of his community supervision. At the revocation hearing, appellant pleaded true to two of the six violations. The trial court found all six of the allegations to be true, revoked appellant's community supervision, and assessed as punishment the original sentence of two years confinement.

In support of the motion to withdraw, counsel certifies he diligently reviewed the record and, in his opinion, it reflects no reversible error or grounds upon which an appeal can be predicated. Thus, he concludes the appeal is without merit. In the brief, counsel candidly discusses why, under the controlling authorities, there is no error in the court's judgment. *See* High v. State, 573 S.W.2d 807, 813 ( Tex.Cr.App. 1978). For instance, he acknowledges that appellant's plea of true to any one of the grounds alleged in the motion to revoke probation was sufficient to support the trial court's decision to revoke his probation. *See* Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. [Panel Op.] 1979). By the brief, the attorney also certifies that he provided appellant with a copy of the brief and advised him of his rights to review the record and to file a *pro se* brief. To date, appellant has not availed himself of those rights.

2

Notwithstanding counsel's assertions, we have made an independent examination of the record to determine whether there are any non-frivolous grounds upon which an appeal could arguably be founded. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). The record illustrates that appellant did not, within 30 days from the date of his guilty plea and conviction, file an appeal complaining of error occurring at that time; thus, we have no jurisdiction over any purported error arising from or prior to the plea hearing. Manuel v. State, 994 S.W.2d 658, 661 (Tex.Cr.App. 1999); *cf.* Cooper v. State, 45 S.W.3d 77, 83 (Tex.Cr.App. 2001) (holding voluntariness of plea may not be raised on appeal from a plea-bargained felony conviction). Furthermore, one sufficient ground for revocation will support a court's order to revoke community supervision. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1979). Here, appellant pleaded true to two of the six grounds contained in the motion to revoke. Standing alone, a plea of true is sufficient to support the trial court's order of revocation. Rincon v. State, 615 S.W.2d 746, 747 (Tex.Cr.App. 1981). Thus, the appellate record contains evidence supporting the trial court's decision to revoke appellant's community supervision. Furthermore, the punishment levied was within the range provided by statute. *See* Tex. Pen. Code Ann. § 12.35(a) (Vernon 2003). Thus, after a thorough review of the record, we agree with appellate counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974).

Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

3