NO. 07-03-0310-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 16, 2004



______________________________




CHARLES DEE PREUIT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. 13764-0006; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 By this appeal, appellant Charles Dee Preuit challenges the order revoking his
probation and sentencing him to two years confinement. In presenting this appeal, counsel
for appellant filed an Anders brief in support of a motion to withdraw. See Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967). We affirm. 

 In accordance with the terms of a plea bargain, appellant, on November 7, 2000,
pleaded guilty to an indictment alleging criminal mischief. The trial court then found him
guilty of the offense and assessed as punishment a sentence of two years confinement,
probated for five years and a $500 fine, and ordered appellant to pay restitution in the
amount of $6500. In March of 2002, the State filed a motion to revoke appellant's
community supervision. In the motion, the State alleged appellant had violated six
separate terms of his community supervision. At the revocation hearing, appellant pleaded
true to two of the six violations. The trial court found all six of the allegations to be true,
revoked appellant's community supervision, and assessed as punishment the original
sentence of two years confinement. 

 In support of the motion to withdraw, counsel certifies he diligently reviewed the
record and, in his opinion, it reflects no reversible error or grounds upon which an appeal
can be predicated. Thus, he concludes the appeal is without merit. In the brief, counsel
candidly discusses why, under the controlling authorities, there is no error in the court's
judgment. See High v. State, 573 S.W.2d 807, 813 ( Tex.Cr.App. 1978). For instance, he
acknowledges that appellant's plea of true to any one of the grounds alleged in the motion
to revoke probation was sufficient to support the trial court's decision to revoke his
probation. See Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. [Panel Op.] 1979). By
the brief, the attorney also certifies that he provided appellant with a copy of the brief and
advised him of his rights to review the record and to file a pro se brief. To date, appellant
has not availed himself of those rights.

 Notwithstanding counsel's assertions, we have made an independent examination
of the record to determine whether there are any non-frivolous grounds upon which an
appeal could arguably be founded. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102
L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). The
record illustrates that appellant did not, within 30 days from the date of his guilty plea and
conviction, file an appeal complaining of error occurring at that time; thus, we have no
jurisdiction over any purported error arising from or prior to the plea hearing. Manuel v.
State, 994 S.W.2d 658, 661 (Tex.Cr.App. 1999); cf. Cooper v. State, 45 S.W.3d 77, 83
(Tex.Cr.App. 2001) (holding voluntariness of plea may not be raised on appeal from a plea-bargained felony conviction). Furthermore, one sufficient ground for revocation will support
a court's order to revoke community supervision. Moore v. State, 605 S.W.2d 924, 926
(Tex.Cr.App. 1979). Here, appellant pleaded true to two of the six grounds contained in
the motion to revoke. Standing alone, a plea of true is sufficient to support the trial court's
order of revocation. Rincon v. State, 615 S.W.2d 746, 747 (Tex.Cr.App. 1981). Thus, the
appellate record contains evidence supporting the trial court's decision to revoke
appellant's community supervision. Furthermore, the punishment levied was within the
range provided by statute. See Tex. Pen. Code Ann. § 12.35(a) (Vernon 2003). Thus,
after a thorough review of the record, we agree with appellate counsel that the appeal is
frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974).

 Accordingly, counsel's motion to withdraw is granted and the judgment of the trial
court is affirmed.

 Don H. Reavis

 Justice

Do not publish.