MEMORANDUM OPINION

 

No. 04-05-00414-CR

Timothy Russell GRAY,

Appellant


v.

The STATE of Texas,

Appellee

From the 144th Judicial District Court, Bexar County, Texas

Trial Court No. 2003-CR-9566

Honorable Mark R. Luitjen , Judge Presiding





Opinion by: Phylis J. Speedlin , Justice



Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice 

 Phylis J. Speedlin, Justice 



Delivered and Filed: June 21, 2006



AFFIRMED

 Appellant Timothy Russell Gray appeals from the revocation of his community supervision and imposition of a ten year
sentence. We affirm the trial court's judgment.



Background

 On February 9, 2004, Gray pled guilty to possession of methamphetamine in the amount of one gram or more but less than
four grams, and was assessed a sentence of ten years imprisonment. Gray's sentence was suspended, an adjudication of guilt
was deferred, and he was placed on community supervision for a period of three years; several conditions of his community
supervision were related to drug addiction counseling and treatment. In April 2004, the State filed a motion to adjudicate
guilt and revoke his community supervision alleging that Gray had violated his community supervision by committing two
new offenses: assault/bodily injury-married; and violation of a protective order. Based on Gray's plea of true to the assault,
on June 15, 2004 the trial court entered an adjudication of guilt and sentenced Gray to ten years imprisonment; however, the
court again suspended his sentence and placed Gray on five years of community supervision. Once again, several
conditions of Gray's community supervision related to counseling and treatment for drug addiction. Thereafter, on May 6,
2005, the State filed another motion to revoke alleging that Gray had committed the offenses of aggravated assault/bodily
injury - married, evading arrest, and illegal use of a controlled substance, and was delinquent in his payment of supervisory
fees, court costs, restitution, and other fees and fines. On May 18, 2005, a revocation hearing was held at which Gray pled
true to committing the offenses of aggravated assault/bodily injury, evading arrest, and illegally using a controlled
substance. The trial court revoked Gray's community supervision and assessed a ten year sentence of imprisonment in the
Texas Department of Criminal Justice, Institutional Division. Gray appealed. 



Analysis

 The sole issue presented on appeal is whether the trial court abused its discretion in revoking Gray's community
supervision and sentencing him to ten years imprisonment. Gray argues that because his drug addiction was the underlying
cause of his criminal activity, the trial court abused its discretion by revoking his community supervision and sentencing
him to a prison term. Gray contends that instead of sentencing him to confinement, the court should have continued his
community supervision and placed him in an in-patient drug treatment facility.

 We review a trial court's revocation of community supervision for an abuse of discretion. Jackson v. State, 645 S.W.2d
303, 305 (Tex. Crim. App. 1983); Brooks v. State, 995 S.W.2d 762, 763 (Tex. App.-San Antonio 1999, no pet.). A trial
court has broad discretion at the conclusion of a revocation proceeding to continue, extend, modify or revoke a defendant on
community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 §§ 21-23 (Vernon Supp. 2005); Ex parte Tarver, 725
S.W.2d 195, 200 (Tex. Crim. App. 1986). A revocation of community supervision will be upheld if there is some evidence
to support the trial court's finding of a single violation of community supervision. Brooks v. State, 153 S.W.3d 124, 127
(Tex. App.-Beaumont 2004, no pet.). A plea of true is sufficient, within itself, to support a revocation of community
supervision. Rincon v. State, 615 S.W.2d 746, 747 (Tex. Crim. App. [Panel Op.] 1981); Hays v. State, 933 S.W.2d 659,
661 (Tex. App.-San Antonio 1996, no pet.). Therefore, an appellant who offers a plea of true to violating a condition of
community supervision cannot challenge the sufficiency of the evidence to support the revocation. Rincon, 615 S.W.2d at
747. Since Gray pled true to three violations of his community supervision, the trial court had sufficient evidence to revoke
his community supervision and did not abuse its discretion. 

 With respect to the punishment assessed, Gray did not object at the time the ten year sentence was imposed, but did file a
post-sentencing motion to reduce his sentence based on his drug dependency, thereby preserving his complaint. See Keith v.
State, 975 S.W.2d 433, 433 (Tex. App. -- Beaumont 1998, no pet.) (a complaint regarding the severity of a sentence is not
preserved unless the defendant raises his contentions in the trial court by either objection or post-sentencing motion). When
the punishment assessed falls within the prescribed statutory range for the underlying offense, 

however, it is beyond the province of an appellate court to pass upon the propriety of the sentence. Darden v. State, 430
S.W.2d 494, 496 (Tex. Crim. App. 1968); Puga v. State, 916 S.W.2d 547, 550 (Tex. App.-San Antonio 1996, no pet.). The
statutory range of punishment for a third degree felony is two years to ten years imprisonment. Tex. Pen. Code Ann. §
12.34 (Vernon 2003). Thus, Gray's ten year sentence falls within the statutory range of punishment for the third degree
felony to which he pled guilty; his sentence is not excessive. See Tex. Health & Safety Code Ann. § 481.115(c) (Vernon
2003).

 Based on the record, we hold the trial court did not abuse its discretion by revoking Gray's community supervision and
imposing a ten year sentence. Accordingly, the judgment of the trial court is affirmed.

 Phylis J. Speedlin , Justice

Do Not Publish