Opinion filed October 2, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 2,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00197-CR 

                                                     __________

 

                             WILLIAM
EUGENE SELF, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 163rd District Court 

 

                                                         Orange
County, Texas

 

                                               Trial
Court Cause No. B030767-R

 



 

                                             M
E M O R A N D U M   O P I N I O N








William
Eugene Self, Jr., pleaded guilty to indecency with a child and was sentenced to
ten years deferred adjudication.  The State subsequently filed a motion to
adjudicate alleging that he had violated a number of conditions of his
community supervision.  Self pleaded not true to the State=s allegation that he
sexually assaulted a child younger than fourteen years of age but true to
violating four other conditions.  The trial court conducted an evidentiary
hearing, found that the State=s
allegations were true, revoked Self=s
community supervision, and sentenced him to twenty years confinement.  Self
challenges his revocation with a single issue, contending that the evidence was
insufficient. 

The
State=s burden of
proof in a revocation proceeding is by a preponderance of the evidence.  See
Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  The trial court
is the sole trier of the facts, the credibility of the witnesses, and the
weight to be given to the evidence.  Naquin v. State, 607 S.W.2d 583,
586 (Tex. Crim. App. 1980).  Consequently, appellate review of a trial court=s order revoking community
supervision is limited to a determination of whether the trial court abused its
discretion.  Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App.
1984).  Proof of one violation is sufficient to support an order revoking
community supervision.  See O=Neal
v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981).  Moreover, it is well
settled that a plea of true alone is sufficient to find a violation.  See
Rincon v. State, 615 S.W.2d 746, 747 (Tex. Crim. App. 1981).

Self
pleaded true to the allegation that he violated four conditions of his
community supervision by possessing and consuming alcohol and by initiating,
maintaining, or establishing contact with a minor.  The trial court admonished
Self that a plea of true was sufficient basis to find the allegations were
true, and Self confirmed that he understood.  At the conclusion of the hearing,
the trial court announced that it found Self violated four conditions of his
community supervision based upon Self=s
plea of true and that it found the remaining allegation true based upon the
evidence.  Because proof of one violation is sufficient basis to revoke
community supervision and because a pleading of true is sufficient basis to
find that a violation has occurred, it necessarily follows that the trial court
did not abuse its discretion by revoking Self=s
community  supervision when he admitted violating four conditions.  It is,
therefore, unnecessary to examine the sufficiency of the evidence to support
the trial court=s
remaining finding.  Self=s
issue is overruled.

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

October 2, 2008                                                                      JUSTICE

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.