

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

### NO. 2-08-247-CR

---

JAMES E. ANDREWS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant James E. Andrews appeals his conviction for assault of a public servant, a crime that carries a punishment range of two to ten years' confinement. *See* Tex. Penal Code Ann. § 12.34(a) (Vernon 2003), § 22.01(a)(1), (b)(1) (Vernon Supp. 2008). We affirm his conviction, and we grant his appellate counsel's motion to withdraw on the basis of counsel's

---

[1] *See* Tex. R. App. P. 47.4.

*Anders* brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

**Background Facts**

In August 2004, a Tarrant County grand jury indicted appellant for striking a Fort Worth police officer. After the trial court appointed counsel for appellant and the State announced that it was ready for trial, appellant received admonishments from the trial court and pled guilty. The trial court deferred its adjudication of appellant's guilt, and it placed him on eight years' community supervision. The conditions of appellant's community supervision required him to (among other acts) commit no further offenses and avoid using illegal drugs.

In August 2005, the State filed a petition to proceed to the adjudication of appellant's guilt; in response, the trial court modified the terms of his community supervision. The trial court changed such terms again in November 2005, December 2006, and November 2007.

In June 2008, the State filed a second petition to proceed to adjudication. In that petition, the State alleged that appellant violated the conditions of his community supervision by using cocaine, submitting diluted urine samples while being tested for drug use, and failing to report to his probation department. In July 2008, appellant waived certain constitutional and statutory rights, and

he entered open pleas of true to each of the State's allegations.[2] On July 11, 2008, after appellant rejected a plea bargain offer of three years' confinement and the State recommended to the trial court in writing that appellant receive five years' confinement, the trial court found appellant guilty, and it sentenced him to eight years' confinement. That same day, appellant filed his pro se notice of this appeal.

In December 2008, appellant's appointed counsel filed a motion to withdraw from his representation of appellant, contending that appellant's appeal is frivolous; counsel concurrently filed a brief that satisfies the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008). We sent appellant a letter notifying him of his counsel's motion and informing him of his right to file a pro se appellate brief. We have not received any brief from appellant, nor have we received any communication from him indicating that he desires to file such a brief.[3]

---

[2] While entering his pleas of true, appellant affirmed that he understood that the trial court could set his punishment "anywhere within the range of punishment prescribed by law" for his offense.

[3] We also have not received a brief from the State.

3

## Our Duties under *Anders*

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in concluding that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's *Anders* brief. We agree with counsel that this appeal is wholly frivolous and that it is without merit. We find nothing in the record that might arguably support the appeal.[4] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Therefore, we grant counsel's motion to withdraw, and we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 16, 2009

---

[4] We note that appellant's pleas of true to the State's allegations were sufficient to support the revocation of his community supervision. *See Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. [Panel Op.] 1981). We also note that, as indicated above, the trial court's sentence was within the statutory punishment range for appellant's assault conviction.