COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-247-CR

 

 

JAMES E. ANDREWS                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction








Appellant James E. Andrews appeals his conviction
for assault of a public servant, a crime that carries a punishment range of two
to ten years= confinement.  See Tex. Penal Code Ann. '
12.34(a) (Vernon 2003), ' 22.01(a)(1), (b)(1)
(Vernon Supp. 2008).  We affirm his
conviction, and we grant his appellate counsel=s motion
to withdraw on the basis of counsel=s Anders
brief.  See Anders v. California,
386 U.S. 738, 744B45, 87 S. Ct. 1396, 1400 (1967).

                                        Background
Facts

In August 2004, a Tarrant County grand jury
indicted appellant for striking a Fort Worth police officer.  After the trial court appointed counsel for
appellant and the State announced that it was ready for trial, appellant
received admonishments from the trial court and pled guilty.  The trial court deferred its adjudication of
appellant=s guilt, and it placed him on
eight years= community supervision.  The conditions of appellant=s community
supervision required him to (among other acts) commit no further offenses and
avoid using illegal drugs.

In August 2005, the State filed a petition to
proceed to the adjudication of appellant=s guilt;
in response, the trial court modified the terms of his community
supervision.  The trial court changed
such terms again in November 2005, December 2006, and November 2007.








In June 2008, the State filed a second petition
to proceed to adjudication.  In that
petition, the State alleged that appellant violated the conditions of his
community supervision by using cocaine, submitting diluted urine samples while
being tested for drug use, and failing to report to his probation
department.  In July 2008, appellant
waived certain constitutional and statutory rights, and he entered open pleas
of true to each of the State=s
allegations.[2]  On July 11, 2008, after appellant rejected a
plea bargain offer of three years=
confinement and the State recommended to the trial court in writing that
appellant receive five years=
confinement, the trial court found appellant guilty, and it sentenced him to
eight years= confinement.  That same day, appellant filed his pro se
notice of this appeal.

In December 2008, appellant=s
appointed counsel filed a motion to withdraw from his representation of
appellant, contending that appellant=s appeal
is frivolous; counsel concurrently filed a brief that satisfies the requirements
of Anders by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief.  See Anders, 386 U.S. at 744B45, 87
S. Ct. at 1400; In re Schulman, 252 S.W.3d 403, 406B12 (Tex.
Crim. App. 2008).  We sent appellant a
letter notifying him of his counsel=s motion
and informing him of his right to file a pro se appellate brief.  We have not received any brief from
appellant, nor have we received any communication from him indicating that he
desires to file such a brief.[3]








                                    Our
Duties under Anders

As the reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
concluding that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75,
82B83, 109
S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel=s Anders
brief.  We agree with counsel
that this appeal is wholly frivolous and that it is without merit.  We find nothing in the record that might
arguably support the appeal.[4]  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex.
Crim. App. 2005).

Therefore, we grant counsel=s motion
to withdraw, and we affirm the trial court=s
judgment.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]While entering his pleas
of true, appellant affirmed that he understood that the trial court could set
his punishment Aanywhere within the range
of punishment prescribed by law@ for his offense.





[3]We also have not received
a brief from the State.





[4]We note that appellant=s pleas of true to the
State=s allegations were
sufficient to support the revocation of his community supervision.  See Rincon v. State, 615 S.W.2d 746,
747 (Tex. Crim. App. [Panel Op.] 1981). 
We also note that, as indicated above, the trial court=s sentence was within the
statutory punishment range for appellant=s assault conviction.