

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00291-CR

RANECCIA L. LEWIS                                              APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Raneccia L. Lewis appeals her conviction for state-jail-felony theft,[2] which occurred after she pled guilty, was placed on a two-year term of

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 31.03(a) (explaining that a "person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property"), (e)(4)(D) (stating that theft is a state jail felony if the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of theft) (West 2011). Appellant's indictment, to which she pled guilty, alleged that she unlawfully appropriated money and gasoline valued at less than $1,500 and that she had two 2001 theft convictions.

deferred adjudication community supervision, violated conditions of the community supervision, and had the community supervision revoked by the trial court.[3]  Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in her professional opinion, the appeal is frivolous.  Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing the effect of *Anders*).  We gave appellant an opportunity to file a pro se brief, but she has not done so.  The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

---

[3]Appellant conceded that she violated her community supervision conditions by failing to complete community service; failing to attend a theft intervention program; and failing to attend a jobs, education, and skills program. After finding appellant guilty, the trial court sentenced her to seven months' confinement.

We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.[4] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 6, 2011

---

[4]We note that appellant's pleas of true to the allegations in the State's petition to proceed to adjudication were sufficient to support the revocation of her community supervision. *See Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. [Panel Op.] 1981).