02-10-291-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00291-CR 

 

 


 
 
 Raneccia L. Lewis
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Raneccia L. Lewis appeals her conviction for state-jail-felony theft,[2]
which occurred after she pled guilty, was placed on a two-year term of deferred
adjudication community supervision, violated conditions of the community
supervision, and had the community supervision revoked by the trial court.[3] 
Appellant’s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion.  In the brief, counsel avers
that, in her professional opinion, the appeal is frivolous.  Counsel’s brief
and motion meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); see
In re Schulman, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing
the effect of Anders).  We gave appellant an opportunity to file a pro
se brief, but she has not done so.  The State has not filed a brief.

          Once
an appellant’s court-appointed attorney files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
we are obligated to undertake an independent examination of the record.  See Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State,
904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then
may we grant counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S.
75, 82–83, 109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record and counsel’s brief.  We agree with counsel
that the appeal is wholly frivolous and without merit; we find nothing in the
record that might arguably support the appeal.[4]  See Bledsoe v. State,
178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see also Meza v. State,
206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel’s
motion to withdraw and affirm the trial court’s judgment.

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 6, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 31.03(a) (explaining that a “person commits an offense if he unlawfully
appropriates property with intent to deprive the owner of property”), (e)(4)(D)
(stating that theft is a state jail felony if the value of the property stolen
is less than $1,500 and the defendant has been previously convicted two or more
times of theft) (West 2011).  Appellant’s indictment, to which she pled guilty,
alleged that she unlawfully appropriated money and gasoline valued at less than
$1,500 and that she had two 2001 theft convictions.





[3]Appellant conceded that
she violated her community supervision conditions by failing to complete
community service; failing to attend a theft intervention program; and failing
to attend a jobs, education, and skills program.  After finding appellant
guilty, the trial court sentenced her to seven months’ confinement.





[4]We note that appellant’s
pleas of true to the allegations in the State’s petition to proceed to adjudication
were sufficient to support the revocation of her community supervision.  See
Rincon v. State, 615 S.W.2d 746, 747 (Tex. Crim. App. [Panel Op.] 1981).