Arthur George CLAPPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 57152.

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 8, 1978.

Rehearing En Banc Denied March 8, 1978.

Robert R. Scott, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge, and R. P. Cornelius, Asst. Dist. Attys., Houston, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

OPINION

DALLY, Judge.

This is an appeal from an order revoking probation.

On December 23, 1975, appellant waived a jury trial and entered a plea of guilty before the court to the offense of burglary of a habitation. Punishment was assessed at imprisonment for 5 years, but the imposition of sentence was suspended and appellant was placed on probation.

The State's amended motion to revoke probation, which was filed June 16, 1977, and to which there was no objection, alleged, among other grounds, that appellant violated his probation in that, "on or about May 5, 1976, in Harris County, Texas, appellant did then and there unlawfully appropriate property, namely, one truck, of the value of over $200.00 and under $10,-000.00, with the intent to deprive the owner, T. E. Shivers, of the property." The record reflects that, when called upon to plead to the allegations in the State's amended motion to revoke probation, appellant pled true. Appellant's plea of true was alone sufficient to support revocation. *Guillot v. State,* 543 S.W.2d 650 (Tex.Cr. App.1976); *Roberson v. State,* 549 S.W.2d

749 (Tex.Cr.App.1977). In addition, appellant's written judicial confession was admitted into evidence. That instrument states, in part, as follows:

"On the 5 day of May, 1976, I violated the terms and conditions of [my] probation in that I did appropriate property, namely one truck, of the value of over $200.00 and under $10,000, with the intent to deprive the owner, T. E. Shivers, of the property. And I committed said offense in Harris County, Texas."

The appellant's sole contention is that the transcription of the court reporter's notes "is absolutely and completely void [of] any findings of fact or conclusions of law upon which the Judge revoked the probation of the Defendant." He contends that, without such findings, the trial court improperly revoked probation.

 A written order revoking probation controls over an oral pronouncement of the trial judge. *Ablon v. State,* 537 S.W.2d 267 (Tex.Cr.App.1976); *Aguilar v. State,* 542 S.W.2d 871 (Tex.Cr.App.1976); *Jiminez v. State,* 552 S.W.2d 469 (Tex.Cr.App.1977). In the instant case, the written order revoking appellant's probation contains the finding that "on the 5th day of May, A.D., 1976 [appellant did] commit the offense of auto theft, . . ." There is no request in the record for more specific findings. In absence of such request, the failure of the trial court to make specific findings in the order revoking probation is not reversible error. *Mason v. State,* 495 S.W.2d 248 (Tex. Cr.App.1973). Appellant's contention is overruled.

 At the conclusion of the evidence, the prosecutor requested that the court reduced the punishment from imprisonment for 5 years to imprisonment for 3 years and allow the appellant to serve his sentence concurrently with that of another conviction. In response to that request, the court stated as follows:

"Very well. Court will reform the sentence to Cause No. 236844 (the instant case) to show the offense of burglary, rather than burglary of a habitation, and the punishment to be assessed is assessed at 3 years' confinement in the Texas Department of Corrections instead of 5 years' confinement in the Texas Department of Corrections."

The order revoking probation and the sentence read as follows:

"It is the order of the Court that the Defendant, Arthur George Clapper, who has been adjudged to be guilty of burglary of a habitation with intent to commit theft, a felony, and who punishment has been assessed at confinement in the Texas Department of Corrections for 3 years, be delivered by the Sheriff of Harris County, Texas, immediately to the Director of Corrections of the State of Texas, or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Department of Corrections for not less than 2 years nor more than 3 years in accordance with the provisions of the law governing the Texas Department of Corrections."

The court's statement that the appellant's sentence would be reformed "to show the offense of burglary, rather than burglary of a habitation," is in conflict with the order revoking probation and the sentence, which recite that the appellant "has been adjudged to be guilty of burglary of a habitation." As noted above, the written order controls over the court's oral statement. *Ablon v. State, supra; Aguilar v. State, supra; Jiminez v. State, supra.*

Art. 42.12, Sec. 8(a), V.A.C.C.P. provides as follows:

"If probation is revoked, the court may proceed to dispose of the case as if there had been no probation, or if it determines that the best interests of society and the probationer would be served by a shorter term of imprisonment, reduce the term of imprisonment originally assessed to any term of imprisonment *not less than the minimum prescribed for the offense of which the probationer was convicted.*" (Emphasis added.)

The judgment, sentence, and order revoking probation state that the appellant was found guilty of "burglary of a habitation,"

a first degree felony for which the minimum punishment is imprisonment for 5 years. V.T.C.A. Penal Code, Sec. 30.-02(d)(1); Sec. 12.32. The court exceeded its authority in attempting to reduce appellant's punishment to a term less than the minimum prescribed for the offense of which appellant was convicted. The sentence will be reformed to show the term of imprisonment is 5 years.

We observe that the court also exceeded its authority in attempting to change the conviction from burglary of a residence to burglary of a building, a second degree felony for which the minimum punishment is 2 years. V.T.C.A. Penal Code, Sec. 30.02(c), Sec. 12.33. The court was wholly without power to alter the appellant's original conviction after the time for a motion for new trial and the time for an appeal had expired. When probation is granted, only the imposition of sentence is suspended; the probation laws affect sentencing only, not conviction. *Nealy v. State,* 500 S.W.2d 122 (Tex.Cr.App.1973). *Cf. Burson v. State,* 511 S.W.2d 948 (Tex.Cr. App.1974).

The sentence is reformed to provide for imprisonment for 5 years; as so reformed, the judgment is affirmed.