TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00250-CR






Robbie Eugene Hubbard, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 436003, HONORABLE DAVID CRAIN, JUDGE PRESIDING







 In June 1996, appellant Robbie Eugene Hubbard, Jr., pleaded no contest to an information
accusing him of theft by check. The county court at law adjudged him guilty and assessed punishment at
incarceration for 180 days and a fine of $1000. The court suspended imposition of sentence and placed
Hubbard on community supervision for one year.

 The State subsequently moved to revoke Hubbard's supervision, alleging that he violated
his supervisory conditions by: (1) committing a subsequent offense, (2) failing to pay restitution, and (3)
failing to perform community service. The motion to revoke was granted by the court following a hearing
in February 1997. In his only point of error, Hubbard contends the evidence is insufficient to sustain the
revocation order.

 In a proceeding to revoke community supervision, the burden of proof is on the State to
show by a preponderance of the evidence that the probationer violated a condition of supervision. Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The evidence must create a reasonable belief
that the probationer violated a condition of supervision as alleged by the State. Jenkins v. State, 740
S.W.2d 435, 437 (Tex. Crim. App. 1987). When the State has sustained its burden, the decision to
revoke is within the trial court's discretion. Flournoy v. State, 589 S.W.2d 705, 707 (Tex. Crim. App.
1979). Proof by a preponderance of the evidence of a single violation of the conditions of supervision is
sufficient to support the revocation order. Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App.
1980). The appellate court reviews the evidence in the light most favorable to the trial court's order. 
Ortega v. State, 860 S.W.2d 561, 564 (Tex. App.--Austin 1993, no pet.).

 The State concedes that it did not prove the commission of a subsequent offense and we
will not discuss that ground further. Hubbard contends the State also failed to proved that he was
delinquent in his restitution payments. The evidence shows that he was current in his payments when he
was arrested in November 1996. Hubbard argues that he was delinquent in his restitution payments at the
time of the February 1977 revocation hearing only because he had been incarcerated since his arrest. 
Thus, Hubbard contends the State failed to prove that his failure to pay restitution was intentional. See
Stanfield v. State, 718 S.W.2d 734, 738 (Tex. Crim. App. 1986); Ortega, 860 S.W.2d at 567 (State
must prove failure to pay was intentional; ability to pay is factor relevant to intent). The State replies that
there is no evidence that Hubbard remained in jail following his arrest and therefore no support in the
record for his argument. We do not reach this question because we find the evidence sufficient to sustain
the revocation order on the ground that Hubbard failed to perform community service.

 Neither Hubbard nor the State discusses the finding that Hubbard failed to perform
community service. This is probably due to the fact that the court, at the conclusion of the revocation
hearing, orally announced that it was revoking on the first and second grounds listed above. The written
order, however, recites that the court found all three grounds alleged by the State to be true. The court's
written order revoking community supervision controls over the oral pronouncement. Clapper v. State,
562 S.W.2d 250, 251 (Tex. Crim. App. 1978); Ablon v. State, 537 S.W.2d 267, 269 (Tex. Crim. App.
1976).

 Hubbard's probation officer testified that he failed to perform any of the forty hours of
community service ordered as a condition of supervision. Given this testimony, we conclude that the court
did not abuse its discretion by revoking Hubbard's community supervision. The point of error is overruled
and the revocation order is affirmed. 



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: May 29, 1998

Do Not Publish



>


The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 436003, HONORABLE DAVID CRAIN, JUDGE PRESIDING







 In June 1996, appellant Robbie Eugene Hubbard, Jr., pleaded no contest to an information
accusing him of theft by check. The county court at law adjudged him guilty and assessed punishment at
incarceration for 180 days and a fine of $1000. The court suspended imposition of sentence and placed
Hubbard on community supervision for one year.

 The State subsequently moved to revoke Hubbard's supervision, alleging that he violated
his supervisory conditions by: (1) committing a subsequent offense, (2) failing to pay restitution, and (3)
failing to perform community service. The motion to revoke was granted by the court following a hearing
in February 1997. In his only point of error, Hubbard contends the evidence is insufficient to sustain the
revocation order.

 In a proceeding to revoke community supervision, the burden of proof is on the State to
show by a preponderance of the evidence that the probationer violated a condition of supervision. Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The evidence must create a reasonable belief
that the probationer violated a condition of supervision as alleged by the State. Jenkins v. State, 740
S.W.2d 435, 437 (Tex. Crim. App. 1987). When the State has sustained its burden, the decision to
revoke is within the trial court's discretion. Flournoy v. State, 589 S.W.2d 705, 707 (Tex. Crim. App.
1979). Proof by a preponderance of the evidence of a single violation of the conditions of supervision is
sufficient to support the revocation order. Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App.
1980). The appellate court reviews the evidence in the light most favorable to the trial court's order. 
Ortega v. State, 860 S.W.2d 561, 564 (Tex. App.--Austin 1993, no pet.).

 The State concedes that it did not prove the commission of a subsequent offense and we
will not discuss that ground further. Hubbard contends the State also failed to proved that he was
delinquent in his restitution payments. The evidence shows that he was current in his payments when he
was arrested in November 1996. Hubbard argues that he was delinquent in his restitution payments at the
time of the February 1977 revocation hearing only because he had been incarcerated since his arrest. 
Thus, Hubbard contends the State failed to prove that his failure to pay restitution was intentional. See
Stanfield v. State, 718 S.W.2d 734, 738 (Tex. Crim. App. 1986); Ortega, 860 S.W.2d at 567 (State
must prove failure to pay was intentional; ability to pay is factor relevant to intent). The State replies that
there is no evidence that Hubbard remained in jail following his arrest and therefore no support in the
record for his argument. We do not reach this question because we find the evidence sufficient to sustain
the revocation order on the ground that Hubbard failed to perform community service.

 Neither Hubbard nor the State discusses the finding that Hubbard failed to perform
community service. This is probably due to the fact that the court, at the conclusion of the revocation
hearing, orally announced that it was revoking on the first and second grounds listed above. The written
order, however, recites that the court found all three grounds alleged by the State to be true. The court's
written order revoking community supervision controls over the oral pronouncement. Clapper v. State,
562 S.W.2d 250, 251 (Tex. Crim. App. 1978); Ablon v. State, 537 S.W.2d 267, 269 (Tex. Crim. App.
1976).

 Hubbard