11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion



Ricky Soto Stokes

Appellant

Vs.                   No.
11-02-00189-CR - Appeal from Taylor County

State of Texas

Appellee

 

Appellant
pleaded guilty to the offense of burglary of a habitation on September 1,
1995.  The trial court suspended
appellant=s sentence of confinement at that time by
placing him on community supervision for a term of 10 years.  On June 7, 2002, the trial court entered an
order revoking appellant=s community supervision and sentencing him to 10 years confinement in
the Institutional Division of the Texas Department of Criminal Justice.  Appellant appeals  the trial court=s judgment by asserting in his sole issue that the trial court abused
its discretion in revoking community supervision.  We affirm.

The State=s burden of proof in a revocation proceeding
is by a preponderance of the evidence. See Cobb v. State, 851 S.W.2d 871, 874
(Tex.Cr.App.1993).   It is the trial
court=s duty to determine whether the allegations
in the revocation motion are true. 
Langford v. State, 578 S.W.2d 737, 739 (Tex.Cr.App.1979).  In a revocation proceeding, the trial court
is the sole trier of the facts, the credibility of the witnesses, and the
weight to be given to the evidence presented. Naquin v. State, 607 S.W.2d 583,
586 (Tex.Cr.App. [Panel Op.] 1980); Battle v. State, 571 S.W.2d 20, 21
(Tex.Cr.App. [Panel Op.] 1978). Consequently, appellate review of a trial court=s order revoking community supervision is
limited to a determination of whether the trial court abused its discretion.
Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App.1983); Lloyd v. State, 574
S.W.2d 159, 160 (Tex.Cr.App. [Panel Op.] 1978). In determining abuse of
discretion, we view the evidence adduced at the revocation hearing in the light
most favorable to the trial court=s findings.  Jones v. State, 589
S.W.2d 419, 421 (Tex.Cr.App. [Panel Op.] 1979).  Proof of any one alleged violation is sufficient to support an
order revoking community supervision. See O=Neal v. State, 623 S.W.2d 660, 661 (Tex.Cr.App.1981). Moreover, it is
well settled that a plea of true alone is sufficient to support
revocation.  See Clapper v. State, 562
S.W.2d 250, 250 (Tex.Cr.App.1978).








The State=s motion to revoke alleged that appellant had
committed 16 violations of his conditions of community supervision.  The trial court made a finding of Atrue@ with respect to 15 of these alleged violations.[1]  Appellant pleaded true to two of the
allegations which asserted that he tested positive for the use of marihuana on
April 9, 2002,  and March 15, 2002.  Of the 13 contested allegations, 7 of them
asserted that appellant possessed various controlled substances on or about
December 27, 2001.  The State presented
evidence of appellant=s
arrest on December 27, 2001, for driving while his license was suspended and
outstanding warrants.  The arresting
officer testified that he found the controlled substances set forth in the
allegations on appellant=s person and in the car that appellant was driving at the time.  

Appellant=s plea of true to two of the allegations is
significant.  The trial court
questioned  appellant extensively
regarding the consequences of pleading true to the allegations.  Appellant indicated that he understood the
consequences of his plea.  When a plea
of true is made, the sufficiency of the evidence may not be challenged. Rincon
v. State, 615 S.W.2d 746, 747 (Tex.Cr.App. [Panel Op.] 1981); Cole v. State,
578 S.W.2d 127, 128 (Tex.Cr.App. [Panel Op.] 1979).  A Aplea of true, standing alone, is sufficient
to support the revocation of probation.@  Moses v. State, 590 S.W.2d
469, 470 (Tex.Cr.App. [Panel Op.] 1979). As such, appellant=s violation of the conditions of community
supervision was supported solely by his plea of true.  Moreover, the State presented ample evidence with respect to the
contested allegations.  Thus, the trial
court did not abuse its discretion by revoking appellant=s community supervision.  Appellant=s sole issue is overruled.  

The
judgment of the trial court is affirmed.

 

March 13, 2003                                                                       PER
CURIAM

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Wright, J., and

McCall, J., and Dickenson, S.J.[2]

 

 











     [1]The State withdrew one of the allegations prior to the
trial court=s ruling.





     [2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.