**Opinion filed June 2, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00293-CR
_____

## RUTH VELASQUEZ BIRD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR30400**

## MEMORANDUM OPINION

This is an appeal from a judgment revoking community supervision. Ruth Velasquez Bird was originally convicted of the offense of assault on a peace officer. Punishment was assessed at confinement for ten years and a $1,500 fine. Imposition of the sentence was suspended, and appellant was placed on community supervision for seven years. The State later filed a motion to revoke community supervision, alleging that appellant had violated the terms and conditions of her community supervision by failing to complete the required community service hours, by committing the offense of driving while intoxicated, and by failing to pay the

fees assessed against her. The trial court revoked appellant's community supervision and assessed her punishment at confinement for five years and the unpaid balance of the fine previously assessed. We affirm.

In her first issue on appeal, appellant contends that, because the trial court's oral announcement and written judgment are in conflict, the written judgment should be modified to conform with the oral announcement.

At the revocation hearing, the trial court stated, "I find that Allege Number 2, regarding driving while intoxicated, is true." The trial court did not orally announce any findings on the other grounds for revocation. In its Judgment Revoking Community Supervision, however, the trial court found that appellant violated the terms of her community supervision by failing to perform the required community service hours and by failing to pay all fees assessed against her, as well as by committing the offense of driving while intoxicated. Because of this conflict, appellant believes that the written judgment should be modified to conform with the oral announcement. However, a written order revoking community supervision controls over an oral announcement by the trial court. *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980); *Clapper v. State*, 562 S.W.2d 250, 251 (Tex. Crim. App. 1978). Appellant's first issue is overruled.

In her second and third issues on appeal, appellant argues that the evidence was legally and factually insufficient to support a finding that she violated the terms and conditions of her community supervision by committing the offense of driving while intoxicated, by failing to perform the required community service hours, or by failing to pay the fees assessed against her.

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). At a revocation hearing, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision. *Cobb v. State*, 851 S.W.2d 871 (Tex. Crim. App. 1993). Proof of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). At a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and of the weight to be given their testimony, and we must view the evidence in the light most favorable to the trial court's ruling. *Cardona*,

665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Given the trial court's wide discretion and the unique nature of community supervision revocation proceedings, we do not review a revocation order for factual sufficiency. *Antwine v. State*, 268 S.W.3d 634, 636-37 (Tex. App.—Eastland 2008, pet. ref'd).

A person commits the offense of driving while intoxicated if the person operates a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04 (Vernon 2011). A person is intoxicated when the person lacks the normal use of mental or physical faculties "by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." *Id*. § 49.01(2)(A).

At the revocation hearing, Officers Brad Barnes and Margarita Carrasco of the Midland Police Department testified that on July 26, 2008, they saw a vehicle that was swerving on the road. The vehicle pulled into a driveway of a house, where it struck a parked vehicle. Officer Carrasco testified that she found appellant in the driver's seat of the vehicle. Appellant smelled of alcohol. She appeared disoriented and was belligerent and argumentative. Appellant was reluctant to provide the officers with her name, and she claimed that she had not been in the vehicle. Officer Barnes was of the opinion that appellant did not have the normal use of her mental and physical faculties. When appellant tried to enter the house, she was arrested. At the police station, Officer Barnes testified that he administered standardized field sobriety tests, which indicated that appellant was intoxicated. Appellant refused to provide a breath specimen.

Appellant testified that she only had one beer that evening and that she was not drunk. Appellant's fiancé testified that appellant only moved the vehicle forward in the driveway and that she did not drive on the road. Her fiancé argued that the officers must have seen the vehicle swerving on the road an hour or two earlier when he was driving.

Viewing the evidence in the light most favorable to the ruling, the trial court could have found by a preponderance of the evidence that appellant committed the offense of driving while intoxicated. Thus, the trial court did not abuse its discretion in revoking appellant's community supervision. Appellant's second and third issues are overruled.

In her fourth issue on appeal, appellant argues that the trial court erred in admitting testimony that was inadmissible hearsay and that violated the Confrontation Clause. At the revocation hearing, Officer Barnes testified concerning text messages that he found on a cell

phone that was in appellant's possession at the time of her DWI arrest. According to Officer Barnes, some of these text messages referred to marihuana and hydrocodone.

We review rulings on the admissibility of evidence under an abuse of discretion standard. *Ramos v. State*, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008). To preserve error, the complaining party must make a timely, specific objection in the trial court. Tex. R. App. P. 33.1(a)(1); Tex. R. Evid. 103(a)(1); *Saldano v. State*, 70 S.W.3d 873, 886-887 (Tex. Crim. App. 2002).

At the revocation hearing, appellant objected to the testimony on the grounds that Officer Barnes lacked a warrant, probable cause, or reasonable suspicion to justify searching the cell phone. The trial court overruled this objection. Appellant did not object that the testimony was hearsay or that it violated the Confrontation Clause. Because appellant did not make a specific objection at the revocation hearing that the testimony was hearsay or that it violated the Confrontation Clause, the issue has not been preserved for review. Appellant's fourth issue is overruled.

The judgment of the trial court is affirmed.


PER CURIAM


June 2, 2011

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.