Opinion filed June 2, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00293-CR

                                                    __________

 

                              RUTH VELASQUEZ BIRD, Appellant

 

                                                             V.

                                                              

                                      STATE OF TEXAS, Appellee

 



 

                                   On
Appeal from the 385th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR30400

 



 

M
E M O R A N D U M   O P I N I O N

This
is an appeal from a judgment revoking community supervision.  Ruth Velasquez
Bird was originally convicted of the offense of assault on a peace officer. 
Punishment was assessed at confinement for ten years and a $1,500 fine. Imposition
of the sentence was suspended, and appellant was placed on community
supervision for seven years.  The State later filed a motion to revoke
community supervision, alleging that appellant had violated the terms and
conditions of her community supervision by failing to complete the required
community service hours, by committing the offense of driving while
intoxicated, and by failing to pay the fees assessed against her.  The trial
court revoked appellant’s community supervision and assessed her punishment at
confinement for five years and the unpaid balance of the fine previously
assessed.  We affirm.  

            In
her first issue on appeal, appellant contends that, because the trial court’s
oral announcement and written judgment are in conflict, the written judgment
should be modified to conform with the oral announcement.

At
the revocation hearing, the trial court stated, “I find that Allege Number 2,
regarding driving while intoxicated, is true.”  The trial court did not orally
announce any findings on the other grounds for revocation.  In its Judgment
Revoking Community Supervision, however, the trial court found that appellant
violated the terms of her community supervision by failing to perform the
required community service hours and by failing to pay all fees assessed
against her, as well as by committing the offense of driving while
intoxicated.  Because of this conflict, appellant believes that the written
judgment should be modified to conform with the oral announcement.  However, a
written order revoking community supervision controls over an oral announcement
by the trial court.  Eubanks v. State, 599 S.W.2d 815, 817 (Tex. Crim.
App. 1980); Clapper v. State, 562 S.W.2d 250, 251 (Tex. Crim. App.
1978).  Appellant’s first issue is overruled.    

            In
her second and third issues on appeal, appellant argues that the evidence was
legally and factually insufficient to support a finding that she violated the
terms and conditions of her community supervision by committing the offense of
driving while intoxicated, by failing to perform the required community service
hours, or by failing to pay the fees assessed against her.

We
review an order revoking community supervision under an abuse of discretion
standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006);
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  At a
revocation hearing, the State must prove by a preponderance of the evidence
that the probationer violated a condition of community supervision.  Cobb v.
State, 851 S.W.2d 871 (Tex. Crim. App. 1993).  Proof of any one of the
alleged violations of the conditions of community supervision is sufficient to
support a revocation order.  Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App.
1980).  At a revocation hearing, the trial court is the sole judge of the
credibility of the witnesses and of the weight to be given their testimony, and
we must view the evidence in the light most favorable to the trial court’s
ruling.  Cardona, 665 S.W.2d at 493; Garrett v. State, 619 S.W.2d
172, 174 (Tex. Crim. App. 1981).  Given the trial court’s wide discretion and
the unique nature of community supervision revocation proceedings, we do not
review a revocation order for factual sufficiency.  Antwine v. State,
268 S.W.3d 634, 636-37 (Tex. App.—Eastland 2008, pet. ref’d).  

A
person commits the offense of driving while intoxicated if the person operates
a motor vehicle in a public place while intoxicated.  Tex. Penal Code Ann. § 49.04 (Vernon 2011).  A person is
intoxicated when the person lacks the normal use of mental or physical
faculties “by reason of the introduction of alcohol, a controlled substance, a
drug, a dangerous drug, a combination of two or more of those substances, or
any other substance into the body.”  Id. § 49.01(2)(A).

At
the revocation hearing, Officers Brad Barnes and Margarita Carrasco of the
Midland Police Department testified that on July 26, 2008, they saw a vehicle
that was swerving on the road. The vehicle pulled into a driveway of a house,
where it struck a parked vehicle.  Officer Carrasco testified that she
found appellant in the driver’s seat of the vehicle.  Appellant smelled of
alcohol.  She appeared disoriented and was belligerent and argumentative.  Appellant
was reluctant to provide the officers with her name, and she claimed that she
had not been in the vehicle.  Officer Barnes was of the opinion that appellant
did not have the normal use of her mental and physical faculties.  When
appellant tried to enter the house, she was arrested.  At the police station, Officer
Barnes testified that he administered standardized field sobriety tests, which
indicated that appellant was intoxicated.  Appellant refused to provide a
breath specimen.

Appellant
testified that she only had one beer that evening and that she was not drunk.  Appellant’s
fiancé testified that appellant only moved the vehicle forward in the driveway
and that she did not drive on the road.  Her fiancé argued that the officers
must have seen the vehicle swerving on the road an hour or two earlier when he
was driving.

            Viewing
the evidence in the light most favorable to the ruling, the trial court could
have found by a preponderance of the evidence that appellant committed the
offense of driving while intoxicated.  Thus, the trial court did not abuse its
discretion in revoking appellant’s community supervision.  Appellant’s second
and third issues are overruled.  

In
her fourth issue on appeal, appellant argues that the trial court erred in
admitting testimony that was inadmissible hearsay and that violated the
Confrontation Clause.  At the revocation hearing, Officer Barnes testified
concerning text messages that he found on a cell phone that was in appellant’s
possession at the time of her DWI arrest. According to Officer Barnes,
some of these text messages referred to marihuana and hydrocodone.  

We
review rulings on the admissibility of evidence under an abuse of discretion
standard.  Ramos v. State, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008).
To preserve error, the complaining party must make a timely, specific objection
in the trial court.  Tex. R. App. P. 33.1(a)(1);
Tex. R. Evid. 103(a)(1); Saldano
v. State, 70 S.W.3d 873, 886-887 (Tex. Crim. App. 2002).  

At
the revocation hearing, appellant objected to the testimony on the grounds that
Officer Barnes lacked a warrant, probable cause, or reasonable suspicion
to justify searching the cell phone.  The trial court overruled this
objection.  Appellant did not object that the testimony was hearsay or that it
violated the Confrontation Clause.  Because appellant did not make a specific
objection at the revocation hearing that the testimony was hearsay or that it
violated the Confrontation Clause, the issue has not been preserved for
review.  Appellant’s fourth issue is overruled.  

The
judgment of the trial court is affirmed.

 

 

                                                                                    PER
CURIAM

 

June 2, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]

 









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.