

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00478-CR

KENNETH DAVID FISHER, JR.                                           APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant Kenneth David Fisher, Jr. appeals the trial court's judgment adjudicating guilt and revoking Appellant's deferred adjudication community supervision. We affirm.

Appellant pleaded guilty to fraudulent use or possession of identifying information, and the trial court placed him on three years' deferred adjudication

---

[1]*See* Tex. R. App. P. 47.4.

community supervision, the terms of which included committing no new offenses, regularly reporting to his community supervision officer, paying fees, and getting permission from the trial court or his community supervision officer before leaving the county.

The State filed a petition to adjudicate, alleging that Appellant had illegally possessed a controlled substance, failed to report to his community supervision officer, neglected to pay community supervision fees, and left the county without permission from his supervision officer or the court.

At the hearing on the State's petition, Appellant pleaded "not true" to the allegations that he had illegally possessed drugs and failed to report, but "true" that he had failed to pay fees and left the county without permission. The trial court found these four allegations true, adjudicated Appellant's guilt, revoked his community supervision, and sentenced him to eight years' confinement.

On appeal, Appellant claims that the trial court erred by sustaining a hearsay objection and excluding a pharmacy record showing that his sister had a prescription for the type of drugs he was found to have illegally possessed in violation of one of the terms of his community supervision.

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.

*Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 493-94. Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). A plea of true, standing alone, is sufficient to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Clapper v. State*, 562 S.W.2d 250, 250 (Tex. Crim. App. [Panel Op.] 1978); *Alexander v. State*, No. 02-10-00500-CR, 2011 WL 3546625, at *1 (Tex. App.—Fort Worth Aug. 11, 2011, no pet.) (mem. op., not designated for publication).

Appellant pleaded true to violating two conditions of his community supervision—failing to pay fees and leaving the county without permission. Because the trial court may revoke community supervision for a single violation, and Appellant's plea of true, standing alone, is sufficient, it was not necessary for the State to prove additional violations. *See Moore*, 605 S.W.2d at 926; *Cole*, 578 S.W.2d at 128. Therefore, we hold that it was within the trial court's

3

discretion to adjudicate Appellant guilty and revoke his deferred adjudication community supervision. Accordingly, we overrule Appellant's sole issue and affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 13, 2011