02-10-478-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00478-CR

 

 


 
 
 Kenneth David Fisher, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Kenneth David Fisher, Jr. appeals the trial court’s judgment adjudicating guilt
and revoking Appellant’s deferred adjudication community supervision.  We
affirm.

          Appellant
pleaded guilty to fraudulent use or possession of identifying information, and
the trial court placed him on three years’ deferred adjudication community
supervision, the terms of which included committing no new offenses, regularly reporting
to his community supervision officer, paying fees, and getting permission from
the trial court or his community supervision officer before leaving the county.

          The
State filed a petition to adjudicate, alleging that Appellant had illegally
possessed a controlled substance, failed to report to his community supervision
officer, neglected to pay community supervision fees, and left the county
without permission from his supervision officer or the court.

          At
the hearing on the State’s petition, Appellant pleaded “not true” to the allegations
that he had illegally possessed drugs and failed to report, but “true” that he had
failed to pay fees and left the county without permission.  The trial court
found these four allegations true, adjudicated Appellant’s guilt, revoked his
community supervision, and sentenced him to eight years’ confinement.

          On
appeal, Appellant claims that the trial court erred by sustaining a hearsay
objection and excluding a pharmacy record showing that his sister had a
prescription for the type of drugs he was found to have illegally possessed in
violation of one of the terms of his community supervision.

          We
review an order revoking community supervision under an abuse of discretion standard. 
Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  In a revocation
proceeding, the State must prove by a preponderance of the evidence that the
defendant violated the terms and conditions of community supervision.  Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is
the sole judge of the credibility of the witnesses and the weight to be given
their testimony, and we review the evidence in the light most favorable to the
trial court’s ruling.  Cardona, 665 S.W.2d at 493; Garrett v. State,
619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).  If the State fails to
meet its burden of proof, the trial court abuses its discretion in revoking
community supervision.  Cardona, 665 S.W.2d at 493-94.  Proof by a
preponderance of the evidence of any one of the alleged violations of
the conditions of community supervision is sufficient to support a revocation
order.  Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.]
1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel
Op.] 1980).  A plea of true, standing alone, is sufficient to support the
revocation of community supervision.  Cole v. State, 578 S.W.2d 127, 128
(Tex. Crim. App. [Panel Op.] 1979); Clapper v. State, 562 S.W.2d 250,
250 (Tex. Crim. App. [Panel Op.] 1978); Alexander v. State, No.
02-10-00500-CR, 2011 WL 3546625, at *1 (Tex. App.––Fort Worth Aug. 11, 2011, no
pet.) (mem. op., not designated for publication).

          Appellant
pleaded true to violating two conditions of his community supervision––failing
to pay fees and leaving the county without permission.  Because the trial court
may revoke community supervision for a single violation, and Appellant’s plea
of true, standing alone, is sufficient, it was not necessary for the State to
prove additional violations.  See Moore, 605 S.W.2d at 926; Cole,
578 S.W.2d at 128.  Therefore, we hold that it was within the trial court’s
discretion to adjudicate Appellant guilty and revoke his deferred adjudication community
supervision.  Accordingly, we overrule Appellant’s sole issue and affirm the trial
court’s judgment.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 13, 2011








 









[1]See Tex. R. App. P. 47.4.