**Opinion issued March 8, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00344-CR

————————————

**JOESBELL RODRIGUEZ-SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 77278-CR**

---

## MEMORANDUM OPINION

After appellant, Joesbell Rodriguez-Sanchez, with an agreed punishment recommendation from the State, pleaded guilty to the offense of tampering with physical evidence,[1] the trial court deferred adjudication of his guilt and placed him

---

[1] *See* TEX. PENAL CODE ANN. § 37.09(a)(1) (Vernon 2016).

on community supervision for four years. The State, alleging numerous violations of the conditions of his community supervision, subsequently moved to adjudicate appellant's guilt. After a hearing, the trial court found several allegations true, found appellant guilty, and assessed his punishment at confinement for eight years. In his sole issue, appellant contends that the evidence is insufficient to support a finding that he "violated the terms and conditions of his community supervision."

We modify the trial court's judgment and affirm as modified.

### Background

On February 10, 2016, the trial court placed appellant on community supervision, subject to certain conditions, including:

2.  Avoid injurious or vicious conduct; and totally abstain from the use or consumption of alcoholic beverages of any kind, or any substance capable of causing intoxication, or the illegal use of any controlled substance.

. . . .

8.  Report in person to the Community Supervision Officer on or before the 28th day of each month hereafter or at such other times as directed by the Court or Community Supervision Officer and submit a truthful report form. If you are deported from the United States, you still have continuing obligations to report under the terms/rules of your probation/deferred adjudication. You have been given a copy of a monthly report. If you are deported, you are still obligated to report under the terms/rules of your probation/deferred adjudication and you will report by submitting a true and complete monthly report by mail to the Brazoria County Community Supervision and Corrections Department at Post Office Box 1300, Angleton, Texas 77515.

2

You must do so each month on or before the 28th day of the month;

. . . .

18.   Pay the following:

    a.   SUPERVISION FEE of $55.00 per month during the term of you[r] supervision, payments to be made on the 10th day of each month beginning March, 2016, payable through the Brazoria County Supervision and Corrections Department.

    . . . .

    c.   CRIME STOPPERS FEE of $25.00 (no more than $50.00) payable through the Brazoria County Community Supervision and Corrections Department on or before thirty (30) days from this date.

    . . . .

19.   Submit to random drug and/or alcohol testing and analysis immediately upon arrest for any offense, or when requested by the Community Supervision Officer, to determine whether or not you are using or are under the influence of alcohol or any substance capable of causing intoxication or any controlled substance; and pay the assessed fee to the Brazoria County Community Supervision and Corrections Department within thirty (30) days of said test.

. . . .

22.   Attend and successfully complete the 15-hour State approved Texas Drug Education Program within ninety (90) days at the direction of the Brazoria County Community Supervision and Corrections Department; follow all recommendations and pay the established fee for said program.

3

. . . .

28. You shall submit to a substance abuse evaluation to be administered by a Texas Licensed Chemical Dependency Counselor within sixty (60) days of this order at the direction of the Community Supervision Officer and pay the assessed fee for said evaluation within three (3) months of completion of said evaluation and follow all recommendations[.]

. . . .

32. Work faithfully, without compensation, at a Community Service Task assigned by the Court, specifically, work 120 hours for a Community Restitution Program of the Brazoria County Community Supervision and Corrections Department, working no less than 16 hours per month.

. . . .

XXX. Submit to a period of detention in the County Jail of Brazoria County, Texas, to serve a term of incarceration of 3 days, to begin on the 3rd day of September, 2016 to be served as follows: Report at 10am on 9/3/16 and to be released at 3pm on 9/5/16. [2]

On September 21, 2016, the State filed a motion to adjudicate appellant's guilt ("Original Motion to Adjudicate Guilt"), alleging that he had violated numerous conditions of his community supervision. On November 17, 2016, per the State's request, the trial court dismissed the Original Motion to Adjudicate Guilt and entered an order amending the conditions of appellant's community supervision to also include:

---

[2] This condition was included in the trial court's order amending community supervision signed on August 12, 2016.

4

42. You shall participate in the <u>High Risk Intervention</u> Supervision Program of this jurisdiction, specifically, a Level I caseload and report to the Community Supervision Officer as directed by the Court and obey all rules, regulations, and policies of said program as detailed in the applicable addendum until discharged by the Court:

All of the following conditions are part of the Order of Community Supervision, unless otherwise instructed:

1. You shall participate in the High Risk Intervention Supervision Program, and obey all rules regulations and policies of said program until successfully terminated by the Court.

2. You shall have a minimum of two face-to-face contacts with your Community Supervision Officer each month; at least one of these contacts shall be an office visit.

. . . .

4. You shall submit to a substance abuse evaluation within sixty (60) days of this order at the direction of your Community Supervision Officer and follow all recommendations of said evaluation.

5. You shall submit to an assessment/evaluation to be administered by Youth & Family Counseling Services within sixty (60) days of this order at the direction of your Community Supervision Officer and follow all recommendations of said evaluation.

6. You shall attend and successfully complete a cognitive-based Thinking for a Change Program at the direction of your Community Supervision Officer.

5

On January 20, 2017, the State filed another motion to adjudicate appellant's guilt ("Second Motion to Adjudicate Guilt"), alleging that he had violated numerous conditions of his community supervision by:

1.  In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, on or about the 21st day of MARCH, 2016, failed to avoid injurious or vicious conduct and totally abstain from the use or consumption of alcoholic beverages of any kind, or any substance capable of causing intoxication, or the illegal use of any controlled substance, namely, COCAINE, as directed by the Court, this being in violation of term "2" of the conditions of supervision;

2.  In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, on or about the 11th day of AUGUST, 2016, failed to avoid injurious or vicious conduct and totally abstain from the use or consumption of alcoholic beverages of any kind, or any substance capable of causing intoxication, or the illegal use of any controlled substance, namely, ALCOHOL, as directed by the Court, this being in violation of term "2" of the conditions of supervision;

3.  In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, failed to report to the Community Supervision Officer as directed by the Court, during the months of APRIL, JUNE, JULY and DECEMBER, 2016, this being in violation of term "8" of the conditions of supervision;

4.  In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, on or about the 10th day of the month for the months of APRIL, MAY, JUNE, JULY, AUGUST, SEPTEMBER, OCTOBER, NOVEMBER and DECEMBER, 2016, failed to pay a supervision fee, as directed by the Court, this being in violation of term "18a" of the conditions of supervision;

5.  In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, on or before thirty (30) days from the 10th day of FEBRUARY, 2016, failed to pay a Crime Stopper fee as directed by the Court,

6

this being in violation of term "18c" of the conditions of supervision;

6.    In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, on or about the 21st day of APRIL, 2016, failed to pay the assessed fee, this being in violation of term "19" of the conditions of supervision;

7.    In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, on or about the 26th day of JUNE, 2016, failed to pay the assessed fee, this being in violation of term "19" of the conditions of supervision;

8.    In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, on or about the 12th day of SEPTEMBER, 2016, failed to pay the assessed fee, this being in violation of term "19" of the conditions of supervision;

9.    In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, failed to attend and complete a 15-hour State approved Texas Drug Education Program within ninety (90) days of FEBRUARY 10, 2016, this being in violation of term "22" of the conditions of supervision;

10.   In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, failed to submit to a substance abuse evaluation administered by a Texas Licensed Chemical Dependency Counselor within sixty (60) days of FEBRUARY 10, 2016, at the direction of the Community Supervision Officer and pay the assessed fee for said evaluation within three (3) months of completion of said evaluation and follow all recommendations as ordered by the Court, this being in violation of term "28" of the conditions of supervision;

11.   In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, failed to work faithfully, without compensation, at a Community Service Task assigned by the Court, during the months of APRIL, MAY, JUNE, JULY, AUGUST and SEPTEMBER, 2016, this being in violation of term "32" of the conditions of supervision;

7

12. In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, on or about the 3rd day of SEPTEMBER, 2016, in Brazoria County, Texas, failed to serve 3 days in the County Jail of Brazoria County, Texas, this being in violation of amended term "XXX" of the conditions of supervision;

13. In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, failed to participate in the High Risk Intervention Supervision Program of this jurisdiction, specifically, a Level I caseload and report to the Community Supervision Officer as directed by the Court, this being in violation of amended term "42" of the conditions of supervision;

14. In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, failed to participate in the High Risk Intervention Supervision Program until successfully terminated by the Court, this being in violation of the amended term "42.1" of the conditions of supervision;

15. In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, for the months of NOVEMBER and DECEMBER, 2016, failed to report for two face-to-face contacts with his Community Supervision Officer, this being in violation of the amended term "42.2" of the conditions of supervision;

16. In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, failed to submit to a substance abuse evaluation at the direction of his Community Supervision Officer within sixty (60) days of NOVEMBER 17, 2016, this being in violation of the amended term "42.4" of the conditions of supervision;

17. In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, on or about the 17th day of JANUARY, 2017, failed to complete the Youth & Family Counseling Services, as directed by the Court, this being in violation of the amended term "42.5" of the conditions of supervision; [and]

18. In that the Defendant, JOESBELL RODRIGUEZ-SANCHEZ, on or about the 17th day of JANUARY, 2017, failed to complete

the cognitive-based Thinking for a Change Program, as directed by the Court, this being in violation of the amended term "42.6," of the conditions of supervision[.]

At the hearing on the State's Second Motion to Adjudicate Guilt, appellant pleaded "true" to the following above listed allegations: 1, 2, 3, 4 (in part), 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, and 18. And Brazoria County Adult Probation Officer F. Torres-Sammons, Brazoria County Adult Probation accounting technician Sharon Pinson, and appellant testified. Following the hearing, the trial court found allegations 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, and 13 "true," found appellant guilty, and assessed his punishment at confinement for eight years

### Standard of Review

Appellate review of an order adjudicating guilt is limited to determining whether the trial court abused its discretion. TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (Vernon Supp. 2017) ("The determination [to adjudicate guilt] . . . is reviewable in the same manner as a [community-service] revocation hearing . . . in which the adjudication of guilt was not deferred."); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) ("Appellate review of an order revoking probation is limited to abuse of the trial court's discretion." (internal quotations omitted)). The trial court's decision must be supported by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763–64. The evidence meets this standard when the greater weight

9

of the credible evidence creates a reasonable belief that a defendant has violated a condition of his community supervision. *Id.*

We examine the evidence in the light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). As the sole trier of fact, a trial court determines the credibility of witnesses and the weight to be given to their testimony. *See Garrett*, 619 S.W.2d at 174; *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Jones*, 787 S.W.2d at 97.

When a trial court finds several violations of a defendant's community-supervision conditions, we will affirm if the proof of any single allegation is sufficient. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Thus, to prevail on appeal, a defendant must successfully challenge all of the findings that support the trial court's revocation order. *See Garcia*, 387 S.W.3d at 26; *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Generally, a defendant's plea of true is sufficient on its own to support a trial court's decision to revoke community supervision and adjudicate guilt. *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) ("When . . . a defendant enters a plea of true at an adjudication hearing, the proceeding becomes a unitary proceeding to determine the remaining issue of punishment.").

**Adjudication of Guilt**

In his sole issue, appellant argues that the trial court erred in adjudicating his guilt because the evidence is insufficient to support a finding that he "violated the terms and conditions of his community supervision."

Here, the record reflects that appellant pleaded "true" to seventeen of the State's eighteen violations of the conditions of his community supervision alleged in the State's Second Motion to Adjudicate Guilt. Specifically, appellant pleaded true to the following alleged violations: use of cocaine on March 21, 2016; use of alcohol on August 11, 2016; failure to report to his community supervision officer in April, June, July, and December 2016; failure to pay the supervision fee in April, May, June, July, August, September, and October 2016; failure to pay the crime stopper fee on or before thirty days from February 10, 2016; failure to pay the assessed fee in April, June, and September 2016; failure to attend and complete "a 15-hour State approved Texas Drug Education Program within ninety (90) days of February 10, 2016"; failure to submit to a substance abuse evaluation within sixty days of February 10, 2016, pay the assessed fee for said evaluation, and follow all recommendations as ordered by the trial court; failure to submit to a substance abuse evaluation within sixty days of November 17, 2016; failure to work faithfully, without compensation, at a community service task in April, May, June, July, August, and September 2016; failure to serve three days in Brazoria County jail on

September 3, 2016; failure to participate in the high risk supervision program and report to community supervision officer; failure to report to "two face-to-face contacts" with community supervision officer in November and December 2016; failure to complete youth and family counseling services on January 17, 2017; and failure to complete "the cognitive-based Thinking for a Change Program."

A single violation of a defendant's community-supervision conditions is sufficient to support revocation. *Garcia*, 387 S.W.3d at 26; *Canseco*, 199 S.W.3d at 439. And appellant's plea of "true" to seventeen alleged violations of the conditions of his community supervision is sufficient to support the trial court's decision to revoke his community supervision and adjudicate him guilty. *See Tapia*, 462 S.W.3d at 31 n.2 ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt."); *Clapper v. State*, 562 S.W.2d 250, 250 (Tex. Crim. App. [Panel Op.] 1978); *see, e.g.*, *Hartless v. State*, No. 01-07-00505-CR, 2008 WL 2186457, at *2 (Tex. App.—Houston [1st Dist.] May 22, 2008, no pet.) (mem. op., not designated for publication) (defendant's plea of true to all allegations in motion to revoke sufficient to support trial court's revocation). Accordingly, we hold that the trial court did not err in finding true several violations of appellant's community-supervision conditions and adjudicating his guilt.

We overrule appellant's sole issue.

**Plea to Second Motion to Adjudicate Guilt**

We note that the trial court's written judgment does not accurately comport with the record in this case in that it states that appellant pleaded "True" to the following allegations in the State's Second Motion to Adjudicate Guilt: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 and the trial court found that appellant violated the following conditions of his community supervision, as alleged in the State's Original Motion to Adjudicate Guilt: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13.

Here, the record reveals that appellant actually pleaded "[T]rue" to the following allegations in the State's Second Motion to Adjudicate Guilt: 1, 2, 3, 4 (in part), 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, and 18. And the trial court found that appellant violated the following conditions of his community supervision, as alleged in the State's Second Motion to Adjudicate Guilt: 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, and 13.

"[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment 'to make the record speak the truth when [they] ha[ve] the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet ref'd)). Although neither party addresses the inconsistency between the trial court's written judgment and the record in this case, we, based on our

review, conclude that the portions of the judgment regarding appellant's plea to the allegations in the State's Second Motion to Adjudicate Guilt and the trial court's findings as to appellant's violations of the conditions of community supervision do not accurately comport with the record. *See Asberry*, 813 S.W.2d at 529–30 (authority to correct incorrect judgment not dependent upon request of any party).

Accordingly, we modify the trial court's judgment to state that appellant pleaded "True" to the following allegations in the State's Second Motion to Adjudicate Guilt: 1, 2, 3, 4 (in part), 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, and 18 and the trial court found that appellant violated the following conditions of his community supervision, as alleged in the State's Second Motion to Adjudicate Guilt: 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, and 13. *See* TEX. R. APP. P. 43.2(b); *see, e.g.*, *Torres v. State*, No. 01-09-00936-CR, 2011 WL 148055, at *1 (Tex. App.—Houston [1st Dist.] Jan. 13, 2011, no pet.) (mem. op., not designated for publication) (reforming judgment to reflect defendant pleaded not true to allegations in State's motion to adjudicate).

**Conclusion**

We affirm the judgment of the trial court as modified.

Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).