

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00257-CR

**DANIEL JOSE DICKSON,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. 16-23574**

## MEMORANDUM OPINION

Daniel Jose Dickson pled guilty to possession of a controlled substance with intent to distribute. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2017). An adjudication of guilt was deferred, and Dickson was placed on community supervision. After a contested hearing on the State's amended motion to adjudicate guilt and revoke community supervision, the trial court revoked Dickson's community supervision, adjudicated Dickson guilty, and sentenced him to two years in State Jail. Dickson raises three issues on appeal. We affirm.

A motion to adjudicate guilt is reviewed in the same manner as a motion to revoke community supervision. *See Leonard v. State*, 385 S.W.3d 570, 572 n.1 (Tex. Crim. App. 2012) (holding hearings on motion to adjudicate guilt are subset of revocation hearings). Thus, we review a trial court's decision to adjudicate guilt and revoke community supervision using an abuse of discretion standard. *See id*. at 576.

Dickson noted in his brief that the trial court found Dickson violated only *some* of the conditions of community supervision alleged by the State in its amended motion to adjudicate. He uses the trial court's oral pronouncement as support for this assertion. The State, however, in its brief, pointed out that the trial court's judgment indicates Dickson violated *all* of the conditions of community supervision alleged by the State. Dickson did not file a reply brief disputing the State's assertion.

It is well-settled that a written order revoking community supervision controls over an oral pronouncement by the trial court judge. *See Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980); *Clapper v. State*, 562 S.W.2d 250, 251 (Tex. Crim. App. 1978). *See also Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Here, the written order revoking Dickson's community supervision is the trial court's judgment which indicates Dickson violated all but two terms of community supervision alleged by the State.[1] Thus, the written judgment controls.

Dickson failed to raise any issue concerning the trial court's judgment regarding

---

[1] The judgment indicates that Dickson violated "CONDITIONS #1(x3), #14, #19A, #19D, #20A." The State alleged 5 violations of condition #1. Thus, the trial court did not find that Dickson violated all of the conditions alleged by the State. However, this does not affect the result of this appeal.

Dickson's failure to pay his community supervision fees, the crime stopper fee, and the Post-Sentence Investigation fee, conditions numbered 14, 19A, and 19D. Our review of the record does not reveal the trial court abused its discretion in revoking Dickson's community supervision on any of these grounds.[2] Accordingly, we need not address Dickson's issues raised on appeal since one sufficient ground for revocation will support the court's decision to revoke community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (no need to address appellant's other contentions since one ground appellant did not address supported trial court's revocation order); *Gobell v. State*, 528 S.W.2d 223 (Tex. Crim. App. 1975) (trial court's revocation of probation was proper because, even if appellant's contentions were correct, his revocation was based on two offenses and he challenged only one). *See also Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

Dickson's issues are overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed March 21, 2018
Do not publish
[CR25]



---

[2] Dickson did not dispute at the hearing on the State's amended motion to revoke that he failed to pay any of those fees.